UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 17 C 9350 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| AMEN JUMAH, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Defendant Amen Jumah, a lawful permanent resident born in Israel, was convicted in January 2006 of one count of possession and distribution of 1,016 pseudoephedrine tablets, knowing and having reasonable cause to believe that they would be used to manufacture methamphetamine, under 21 U.S.C. § 841(c)(2). *United States v. Jumah*, No. 04 CR 237 (N.D. Ill.), Dkts. 7, 95-96.

In his brief filed before the sentencing hearing, Jumah's attorney noted that he would likely be deported to Israel upon completing his sentence, and urged the court consider the risk of violence there in imposing sentence. *Id*., Dkt. 181 at 2-3. At the hearing, Jumah's attorney again noted that "Jumah is subject to deportation [to Israel] when he serves his sentence," *id*., Dkt. 200 at 12; the prosecutor stated that Jumah "[would] be deported [to Israel]" upon completing the sentence, *id*. at 16; and the court, in sentencing Jumah to a 151-month term of imprisonment, explicitly rejected his invitation to consider the likely prospect of deportation in fashioning the sentence, *id*. at 21-22. Jumah successfully appealed his sentence, *United States v. Jumah*, 599 F.3d 799 (7th Cir. 2010), and his counsel on remand again raised "the citizenship issue," indicating during resentencing that he had "discussed with Mr. Jumah the idea that he

1

may be deported," *Jumah*, No. 04 CR 237, Dkt. 271 at 20.  In October 2010, the court resentenced Jumah to a term of 97 months' imprisonment.  *Id.*, Dkt. 242.

Jumah then moved under Criminal Rule 35 to correct or reduce the sentence.  *Id.*, Dkt. 243.  The motion was denied, *id.*, Dkt. 256, and Jumah appealed, *id.*, Dkt. 260.  In August 2011, the Seventh Circuit, construing the motion as a collateral attack on his sentence arising under 28 U.S.C. § 2255, denied Jumah a certificate of appealability, albeit without "caus[ing him] to face the usual bar to 'second or successive' collateral proceedings."  *Id.*, Dkt. 280.

In November 2012, now proceeding *pro se*, Jumah filed a motion under 28 U.S.C. § 2255, in which he contended that his counsel had provided constitutionally ineffective assistance, including by failing to negotiate a favorable plea agreement.  *United States v. Jumah*, No. 12 C 9145 (N.D. Ill.), Dkt. 1.  The district court denied the motion as untimely, *id.*, Dkt. 12, and Jumah filed a motion to reconsider, *id.*, Dkt. 15, which the district court denied, *id.*, Dkt. 16.  Jumah then filed a motion entitled "Ex Prate [sic] Motion Letter," *id.*, Dkt. 17, in which he contended that he "never was informed of the deportation consequences"—presumably of his conviction—by his pretrial, trial, and appellate counsel, which the district court, construing it as a § 2255 motion, also denied as untimely, *id.*, Dkt. 18.  Jumah appealed the denial of his motion for reconsideration and the denial of his "Ex Prate [sic] Motion Letter," and the district court refused to issue a certificate of appealability.  *Id.*, Dkt. 21.  In June 2014, the Seventh Circuit affirmed the denial of the motion for reconsideration (holding that Jumah's appeal was untimely) and, construing the "Ex Prate [sic] Motion Letter" as an "unauthorized successive collateral attack on his sentence," held that the district court had no jurisdiction to consider it.  *Id.*, Dkt. 36.  The Seventh Circuit then denied Jumah's request for a certificate of appealability.  *Ibid.*

In December 2017, Jumah, who appears to have served his sentence and is no longer in federal custody, filed the present *coram nobis* petition. Doc. 1. Jumah again contends that his counsel at various stages of his criminal case was constitutionally ineffective, including by failing to advise him of the deportation consequences of his conviction and failing to negotiate a favorable plea agreement. *Ibid*.

"A petition for a writ of *coram nobis* provides a way to collaterally attack a criminal conviction for a person … who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241." *Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013); *see also Stanbridge v. Scott*, 791 F.3d 715, 720 n.3 (7th Cir. 2015). Although "*coram nobis* is … an extraordinary remedy," *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997), the relief it provides "is available when: (1) the error alleged is of the most fundamental character as to render the criminal conviction invalid; (2) there are sound reasons for the defendant's failure to seek earlier relief; and (3) the defendant continues to suffer from his conviction even though he is out of custody," *United States v. Wilkozek*, 822 F.3d 364, 368 (7th Cir. 2016) (internal quotation marks omitted).

Given repeated mention of the deportation-related consequences of his criminal conviction during his two sentencing hearings, Jumah undoubtedly knew of those consequences and thus cannot satisfy the first element of *coram nobis* relief as it relates to that issue. Nor can Jumah satisfy the second element. Jumah's *coram nobis* petition raises the very same issues he raised in his earlier, untimely § 2255 petitions; moreover, Jumah waited more than three years after his last appeal to the Seventh Circuit was resolved to file this petition. As Jumah offers no reason for the delay, his petition is denied. *See United States v. Sloan*, 505 F.3d 685, 697 (7th Cir. 2007) (denying a writ of *coram nobis* where "the defendant [did] not set forth any valid or

3

logical reasoning much less case law for his failure to seek relief earlier"); *United States v. Keane*, 852 F.2d 199, 206 (7th Cir. 1988) (denying a writ of *coram nobis* where the defendant's "legal contention … was raised and resolved adversely to him on a full record after the opportunity to ventilate all arguments").

May 29, 2018

_____
United States District Judge